

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

XXXXXXXXXXXXXXXXXX PHERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. 0-5544
Re: Where a foreign corporation, with
of without a permit to do business
in Texas, is an applicant for a non-
resident Seller's Permit under the Texas
Liquor Control Act, and has filed in the
office of the Secretary of State a power
of attorney, designating its service agent,
under the provisions of House Bill No. 709,
has said foreign corporation complied with
Sec. 15½ of Art. 666, P.C., and Sec. 12 of
Art. 667, P.C.?

Is it the duty of the Secretary of
State to determine whether the power of
attorney is properly executed and does
the Secretary of State and his successors
in office have authority, under appointment
by the applicant, to act as applicant's
service agent?

Your letter dated August 12, 1943, requesting an opinion of this
department concerning the above matter and submitting for approval "CERTIFI-
CATE OF APPOINTMENT RESIDENT STATE AGENT," reads in part, to-wit:

"Section 14 of S.B. 117 enacted by the Regular Session
of the 48th Legislature created a new Section to be known as
Section 15½ of Article 666 of the Penal Code. So far as this
inquiry is concerned the pertinent parts of Section 15½ are:

"'Section 15½. A. (1) Non-resident Seller's Permit:
A Non-resident Seller's Permit shall be required of all
distilleries, wineries, importers, brokers, and others
who sell liquor to the holders of permit authorizing the
importation of liquor into Texas, regardless of whether
such sales are consummated within or without the State.
Such permit shall authorize the holder thereof to:

"'(a). Solicit or take orders for liquor from only the holders of permits authorized to import liquor into this State;

"'(b). Ship, or cause to be shipped, liquor into Texas only in consummation of sales made to the holders of permits authorized to import liquor into Texas.

"'(2). No permit shall be granted to an applicant for a Non-resident Seller's Permit until it shall have been shown by the applicant that he has first filed with the Secretary of State a certificate certifying that he has appointed an agent, resident within this State, together with the street address and business of such agent. All notices of hearing for refusal, cancellation, or suspension may be served upon the designated agent as required herein, or upon the permittee, or if a corporation, upon any officer thereof, or upon any other agent of the non-resident seller authorized as such to sell liquor in this state, and all proceedings as to such hearings shall be as is otherwise provided by this Act. Service of notice in such manner shall constitute due process; provided further, that if any permittee shall have failed to maintain within this state a designated agent for service as herein required, service may be had on the Secretary of State, and it shall be the duty of the Secretary of State to send any citation served on him to the holder of the permit by registered mail, return receipt requested, and such receipt shall be prima facie evidence of service upon the permittee.'

"Section 12 of Article 667 of the Penal Code provides as follows:

"'Sec. 12. Any manufacturer, distributor, or person shipping or delivering beer into this State shall file with the Secretary of State a certificate certifying the name of his agent upon whom service may be had, and his or its street address and business; and in the event such person fails to comply with this requirement within fifteen (15) days from the effective date hereof the service may be had on the Secretary of State in any cause of action arising out of the violation of this Act, and it shall be the duty of the Secretary of State to send any such citation served on him to such person, who may be in a foreign state, by registered mail, return receipt requested, and such receipt shall be prima facie evidence of service on such person.'

"....

"We respectfully request your opinion in answer to the follow-
questions:

"1. Where a foreign corporation has a permit to do business
in Texas and files in the Office of the Secretary of State a
Power of Attorney under the provisions of House Bill No. 709,
is the filing of said Power of Attorney a compliance with the
provisions of Section $15\frac{1}{2}$. Article 666 of the Penal Code and
Section 12, Article 667 of the Penal Code or shall said cor-
poration be required to file another form of a Power of Attor-
ney to comply with Section $15\frac{1}{2}$, Article 666 of the Penal Code
and Section 12, Article 667 of the Penal Code?

"2. Where a corporation does not have a permit to do business
in Texas, but files a Power of Attorney appointing an agent for
service in the Office of the Secretary of State under the pro-
visions of House Bill No. 709, is said filing a compliance with
the provisions of Section $15\frac{1}{2}$, Article 666 of the Penal Code
and Section 12, Article 667 of the Penal Code or shall said cor-
poration be required to file another form of a Power of Attorney
to comply with Section $15\frac{1}{2}$, Article 666 of the Penal Code and
Section 12, Article 667 of the Penal Code?

"....

"3. Should this form provide for a showing as to whether the
person filing the form is an individual, partnership, associa-
tion or a corporation?

"4. If it is a corporation, what officers of the corporation
shall sign the Power of Attorney?

"5. Should a copy of the minutes of the Board of Directors
of the corporation appointing the agent for service accompany
the Power of Attorney or would it be sufficient for the Power
of Attorney to provide that the officers are acting under the
authority of the Board of Directors of the corporation, if the
Power of Attorney is properly sworn to?

"6. Is it the duty of the Secretary of State to determine whether
the Power of Attorneys are properly executed or shall the Secre-
tary of State merely file the instruments whether they are proper-
ly executed or in proper form?

"7. If a person, partnership or corporation in complying with
the provisions of Section $15\frac{1}{2}$, Article 666 of the Penal Code and
Section 12, Article 667 of the Penal Code desires to make the
Secretary of State and his successors in office in their

official capacity their agent for service in Texas, does
the Secretary of State have authority to act as their
agent for service?

"If you answer question 7 in the affirmative, then
please insert a provision to that effect in the Power of
Attorney if it is necessary to make corrections in the in-
strument.

"If in your opinion the attached form is not a sub-
stantial compliance with the law, then we would appreciate
it if you would prepare one that in your opinion does sub-
stantially comply with the law."

"  .  .  .  ."

"House Bill No. 709, Sec. 2. The power of attorney
required by this Act shall, in addition to stating the name
and address of the agent, also stipulate that said agent is
appointed as a corporation's service agent in Texas, and
that said foreign corporation consents to the service of pro-
cess upon said agent and that he shall be deemed as the serv-
ice agent of said corporation for all intents and purposes as
contemplated by the statutes requiring such designation and
appointment; said power of attorney shall be acknowledged by
the president or vice president, attested by the secretary
and acknowledged in the manner and form as is required in
acknowledgment of deeds in the State of Texas; said power of
attorney shall, when executed, be filed in the office of the
Secretary of State and shall become a part of the records in
said office."

Paragraph (2) under section 15½ of Senate Bill 117 and Sec. 12 of
Art. 667, P. C., provide that the certificate of appointment of the service
agent show that the said service agent is a resident within this state,
give the street address and business of such agent. The power of attorn-
ey under Section 2 of House Bill 709 does not require that the business
of the agent be given.

"House Bill No. 709. Sec. 1. No foreign corpora-
tion shall transact or do any business in this State with-
out first having filed in the office of the Secretary of
State a power of attorney designating some individual who
is a resident citizen of this state, as its service agent,
upon whom process may be served in all suits, proceedings
and causes of action, pending or hereafter filed in this
state, in which said foreign corporation is a party, or
is to be made a party."

In answer to your first and second questions, it is the opinion of this department that where a foreign corporation, with or without a permit to do business in Texas, is an applicant for a Non-Resident Seller's Permit under the Texas Liquor Control Act, it is required to file a power of attorney appointing a service agent in compliance with Sec. 15$\frac{1}{2}$ of Art. 666, P.C., and Sec. 12 of Art. 667, P.C. The filing in the office of the Secretary of State of a power of attorney, designating a service agent, under the provisions of House Bill 709, is not a compliance with Sec. 15$\frac{1}{2}$ of Art. 666, P.C., and Sec. 12, of Art. 667, P.C.

In answer to your third question, it is the opinion of this department that where a corporation appoints a service agent the power of attorney should be signed by the president or vice president and attested by the secretary and acknowledged.

In answering your fifth question, it is the opinion of this department that where the form appointing said service agent shows on its face that the Board of Directors has authorized the president or vice president to appoint the service agent and is properly sworn to, it is not necessary that a copy of the minutes of the Board of Directors accompany the power of attorney.

In answer to your sixth question, it is the opinion of this department that it is the duty of the Secretary of State to determine whether the powers of attorney are properly executed before they are filed.

In answer to your seventh question, it is the opinion of this department that where a person, partnership or corporation appoints a service agent in compliance with the provisions of Sec. 15$\frac{1}{2}$, Art. 666, P.C. and Sec. 12, Art. 667, P.C., desires to make the Secretary of State of Texas and his successors in office his or its agent for service in Texas, the Secretary of State has authority to act as such agent for service.

We have carefully studied the form, "CERTIFICATION OF APPOINTED RESIDENT STATE AGENT," which you submitted for approval and we are of the opinion that said form is not a substantial compliance with Sec. 15$\frac{1}{2}$, Art. 666, P.C., and Sec. 12, Art. 667, P.C. We are attaching hereto a form approved by this department as being in compliance with Sec. 15$\frac{1}{2}$, Art. 666 P.C., and Sec. 12, Art. 667, P.C.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/ Jesse Owens
Jesse Owens
Assistant

JO:FO:egw
Enclsoure
APPROVED SEP 14, 1943
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By GWB Chairman